UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SANMEDICA INTERNATIONAL, LLC, a Utah limited liability company; SANMEDICA IP HOLDINGS, LLC, a Nevada limited liability company; and BASIC RESEARCH, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN GHATTAS, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM (DOC. NO. 13)**<br><br>Case No.  2:25-cv-01060<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

SanMedica International, LLC, SanMedica IP Holdings, LLC, and Basic Research, LLC, brought this action against Martin Ghattas for unlawfully selling counterfeits of the companies' dietary supplement products online.[1]  In an attempt to discover information about these sales, the plaintiffs served nonparty Izak Rock with a subpoena for documents and he served written objections.  The plaintiffs now move to compel Mr. Rock's compliance with the subpoena, arguing it seeks relevant and proportional information about the unlawful sales operation.[2]  Mr. Rock, proceeding

---

[1] (Compl. 1–2, Doc. No. 2.)  The plaintiffs also bring this case against various unnamed individual and corporate defendants.  (*See id.* ¶¶ 5–8.)

[2] (Pls.' Mot. to Compel Nonparty Izak Rock's Compliance with Subpoena Duces Tecum (Mot.), Doc. No. 13.)

without an attorney, opposes the motion, arguing the subpoena's requests are overbroad and disproportionate (among other things).[3] Because the subpoena seeks permissible discovery from a nonparty and does not impose an undue burden on Mr. Rock, the motion is granted—but the plaintiffs' request for attorney's fees is denied.

BACKGROUND

In this case, the plaintiffs assert claims for trademark and copyright infringement, unfair competition, false advertising, and related state law claims against Mr. Ghattas and other unknown defendants, including "Defendant Utah John Doe"—a "close personal friend" of Mr. Ghattas.[4] The plaintiffs produce dietary supplement products and sell them in trademarked and copyrighted packaging.[5] They allege Mr. Ghattas and others sell counterfeits of these products on eBay.[6]

Specifically, according to the complaint, Mr. Ghattas owns an eBay seller account named "utah-distro," which has sold such counterfeit products.[7] The plaintiffs discovered this when their investigator purchased one of the fake products from utah-distro.[8] The plaintiffs also learned other unknown individuals were involved in the

---

[3] (Non-Party Izak Rock's Opp'n to Mot. (Opp'n), Doc. No. 18.)

[4] (Compl. ¶¶ 4–8, 65–102, Doc. No. 2.)

[5] (*Id.* ¶¶ 15–18.)

[6] (*Id.* ¶¶ 28–34.)

[7] (*Id.* ¶¶ 34–36.)

[8] (*Id.* ¶¶ 37–38.)

operation, including Mr. Ghattas' friend, Utah John Doe.[9]  According to the complaint, Mr. Ghattas agreed to register the utah-distro store front, Utah John Doe agreed to operate it, and the two planned to share profits and losses.[10]  In addition, Utah John Doe arranged for a third-party to locate sources of products to sell on the account.[11]

Although Mr. Ghattas initially refused to disclose Utah John Doe's identity,[12] shortly after the plaintiffs filed their complaint, he identified his friend as Mr. Rock.[13]  Mr. Ghattas also provided a list of twenty-two transactions from the utah-distro account for sales of the plaintiffs' purported products.[14]  The plaintiffs then served Mr. Rock with a document subpoena at his residence in Pleasant Grove, Utah, seeking information about these sales and the source of the products.[15]  Specifically, the subpoena requests

---

[9] (*Id.* ¶¶ 41–42, 47–50.)

[10] (*Id.* ¶¶ 46–49.)

[11] (*Id.* ¶¶ 50–52.)

[12] (*Id.* ¶ 53.)

[13] (Ex. 1 to Mot., Decl. of Ronald F. Price in Supp. of Mot. (Price Decl.) ¶¶ 18–23, Doc. No. 13-1 (referencing Ex. D to Price Decl., Email Correspondence, Doc. No. 13-1 at 24 (December 10, 2025, email from Mr. Ghattas' counsel identifying Mr. Rock as "the individual that Mr. Ghattas allowed to use his eBay account" and providing his address in Pleasant Grove, Utah)).)  Because the exhibits to the plaintiffs' supporting declarations do not include uniform page-numbering, references are to the CM/ECF pagination.

[14] (*Id.* ¶ 23; Ex. D to Price Decl., Email Correspondence, Doc. No. 13-1 at 24, 28–30 (defense-counsel providing list of transactions).)

[15] (*See* Ex. A to Price Decl., Subpoena, Doc. No. 13-1 at 12–16 (commanding production of documents at an address in Salt Lake City, Utah); Ex. D to Price Decl., Email Correspondence, Doc. No. 13-1 at 24 (providing address for Mr. Rock in Pleasant Grove, Utah); Ex. F to Price Decl., Aff. of Serv., Doc. No. 13-1 at 35–37 (attesting to

documents relating to the sale of the counterfeit products from the utah-distro eBay account and the source of any at-issue products from the past six months, documents related to the twenty-two orders, and communications with Mr. Ghattas relating to the products and with any person or entity who supplied them from the past six months.[16]

The subpoena commanded Mr. Rock to produce documents in response to these requests by January 6, 2026.[17]  That day, Mr. Rock served the plaintiffs with written objections.[18]  Among other objections, Mr. Rock objected that the requests were overly broad, unduly burdensome, irrelevant, and disproportionate.[19]  He also refused to discuss his objections over the phone and insisted all communications be in writing— but he has not responded to the plaintiffs' most recent email, and he has failed to produce any documents in response to the subpoena.[20]

---

serving Mr. Rock at his residence and identifying the same address); *see also* Opp'n 12, Doc. No. 18 (Mr. Rock identifying his address as the same).)

[16] (Ex. A to Price Decl., Subpoena, Doc. No. 13-1 at 16 (listing requests for documents to be produced).)

[17] (*Id.* at 12.)

[18] (Ex. 2 to Mot., Decl. of Steven W. Garff in Supp. of Mot. (Garff Decl.) ¶ 3, Doc. No. 13-2 (citing Ex. A to Garff Decl., Subpoena Objs., Doc. No. 13-2 at 7–9).)

[19] (Ex. A to Garff Decl., Subpoena Objs., Doc. No. 13-2 at 8–9.)  Mr. Rock also objected to some of the requests as vague, ambiguous, "incomplete," "[d]uplicative/obtainable from eBay," and as seeking confidential trade secret information.  (*Id.*)  But he does not explain or support these objections.  And, notably, Mr. Rock did not respond to the plaintiffs' suggestion that the standard protective order sufficiently addresses privacy and confidentiality issues.  (Mot. 5, Doc. No. 13.)  In addition, it is unclear what trade secret information Mr. Rock refers to.

[20] (*See* Garff Decl. ¶¶ 4–7, Doc. No. 13-2; Price Decl. ¶¶ 31–32, Doc. No. 13-1.)

In their motion to compel, the plaintiffs contend the subpoena seeks relevant and proportional information about the unlawful sale of their products—a limited number of sales over a six-month period.[21]  In response, Mr. Rock argues the subpoena is overbroad and disproportionate because it seeks documents "unrelated to the specific claims" in this case, such as "unrelated sales and six months of private communications."[22]  And, Mr. Rock contends, attorney's fees should not be shifted onto a nonparty where the plaintiffs served a defective subpoena,[23] refused to narrow its scope, and he has acted in good faith.[24]

DISCUSSION

The motion to compel is granted because the subpoena seeks relevant and proportional information and does not impose an undue burden.  Rule 45 of the Federal Rules of Civil Procedure authorizes a party to subpoena a nonparty for documents,[25] so long as the party serving a subpoena takes reasonable steps to avoid imposing an

---

[21] (Mot. 4–6, Doc. No. 13.)

[22] (Opp'n 3, Doc. No. 18.)  Because Mr. Rock proceeds pro se (without an attorney), his opposition is liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed" (citation omitted)).

[23] Mr. Rock does not identify any deficiency with the subpoena other than a minor typographical error.  He contends the plaintiffs caused communication delays "via a [d]efective [s]ubpoena" because counsel listed an incorrect email address on it. (Opp'n 3, Doc. No. 18.)  But this is inconsequential where Mr. Rock served objections before the production deadline.

[24] (*Id.* at 4.)  Mr. Rock also argues he did not waive his rights just because Mr. Ghattas agreed to the subpoena.  And he claims he properly invoked Rule 45(d)(2)(B) by serving timely written objections.  (*Id.*)  But the plaintiffs do not argue otherwise.

[25] *See* Fed. R. Civ. P. 45(c)(2)(A).

5

undue burden or expense on the nonparty.[26]  If the nonparty serves objections, the serving party may move to compel production in "the court for the district where compliance is required."[27]  Upon such a motion, a court considers whether the subpoena seeks information within the scope of discovery under Rule 26(b).[28]  That is, the information must be relevant and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' access to relevant information and resources, the discovery's importance in resolving the issues, and whether the discovery's burden outweighs its likely benefit.[29]

Contrary to Mr. Rock's assertions, the subpoena seeks relevant and proportional information, and he fails to identify any undue burden.  The allegations of unlawful sales of the plaintiffs' products on the utah-distro eBay account are central to this case.[30]  The plaintiffs specifically allege Mr. Ghattas owns this account and arranged with his friend in Utah (later learned to be Mr. Rock) to operate it and to work with others to source

---

[26] *See* Fed. R. Civ. P. 45(d)(1).

[27] Fed. R. Civ. P. 45(d)(2)(B)(i).  The subpoena lists an address for compliance in Salt Lake City, Utah.  (Ex. A to Price Decl., Subpoena, Doc. No. 13-1 at 12.)  Accordingly, the District of Utah is the district of compliance.

[28] *See Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) (explaining that it "is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)" (citation omitted)).

[29] *See* Fed. R. Civ. P. 26(b)(1).

[30] (*See* Compl. ¶¶ 34–36, 42–52, Doc. No. 2.)

products to sell on the account.[31]  Accordingly, any information Mr. Rock has regarding the sale and sourcing of counterfeit products on the utah-distro store front is relevant and important to the claims in this case.[32]  Moreover, the requests are limited to twenty-two specific sales, and documents and communications from a six-month period around when those sales occurred.[33]  The subpoena seeks relevant and proportional information, and Mr. Rock provides no reason to find the subpoena imposes an undue burden.  Given the information's importance, any burden on Mr. Rock from having to respond does not outweigh the likely benefit.[34]

Because the subpoena seeks permissible discovery, Mr. Rock must comply and produce responsive documents.  But the plaintiffs' request for attorney's fees is denied, where a fee award is unavailable for a motion to compel compliance.[35]

---

[31] (*Id.* ¶¶ 39–50; *see also* Price Decl. ¶¶ 18–23, Doc. No. 13-1 (referencing Ex. D to Price Decl., Email Correspondence, Doc. No. 13-1 at 24 (identifying Mr. Rock as "the individual that Mr. Ghattas allowed to use his eBay account")).)

[32] Mr. Rock suggests that only the plaintiffs' investigator's purchase of fake products from utah-distro is relevant.  (*See* Opp'n 3–4, Doc. No. 18; Ex. A to Garff Decl., Email Objs., Doc. No. 13-2 at 9 (stating a willingness to produce information about the "single order" by the plaintiffs' investigator).)  But the plaintiffs' claims are not limited to a single order.  They generally allege the utah-distro account sold counterfeits of their products.

[33] (Price Decl. ¶ 23, Doc. No. 13-1 (explaining the at-issue transactions occurred in October 2025).)

[34] *See, e.g.*, *Ensminger v. Credit Law Ctr., LLC*, No. 19-2147, 2020 U.S. Dist. LEXIS 12337, at *9–11 (D. Kan. Jan. 24, 2020) (unpublished) (finding a document subpoena seeking relevant and proportional information did not impose an undue burden on a person merely because of his status as a non-party).

[35] *See N.L.R.B. v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007) (explaining that "Rule 45 contains no express provision for awarding

CONCLUSION

The motion to compel[36] is granted.  Mr. Rock is ordered to produce documents

as requested in the subpoena by April 27, 2026, or a date mutually agreed to by Mr.

Rock and the plaintiffs.  Mr. Rock's production must be in accordance with Rule 45's

requirements.[37]  The plaintiffs' request for attorney's fees is denied.

DATED this 30th day of March, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

attorneys' fees or sanctions to a party that has prevailed on a motion to compel," and
that sanctions are only appropriate if the nonparty is found to be in contempt).

[36] (Doc. No. 13.)

[37] *See, e.g.*, Fed. R. Civ. P. 45(e) (setting forth a nonparty's duties in responding to a
subpoena).