UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SANMEDICA INTERNATIONAL, LLC, a Utah limited liability company; SANMEDICA IP HOLDINGS, LLC, a Nevada limited liability company; and BASIC RESEARCH, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>IZAK ROCK, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL (DOC. NO. 33)**<br><br>Case No. 2:25-cv-01060<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiffs bring federal claims against Izak Rock for trademark infringement, unfair competition, false advertising, and copyright violations—and related state law claims.[1] Mr. Rock moves for appointment of counsel to help him defend against these claims.[2] Because Mr. Rock does not justify the appointment of counsel, the motion is denied.

---

[1] (Am. Compl., Doc. No. 30.)

[2] (Def. Izak Rock's Mot. for Referral to the Civil Case Pro Bono Program & Appointment of Counsel (Mot.), Doc. No. 33.)

## ANALYSIS

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915, which allows a court to "request an attorney to represent any person unable to afford counsel."[6] When deciding whether to appoint a lawyer, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Mr. Rock states he is self-employed and "cannot afford to retain counsel experienced in complex federal intellectual-property litigation," and he offers to provide additional financial information.[8] Mr. Rock also argues the applicable factors support appointment of counsel.[9] He argues he has nonfrivolous factual defenses and presenting them "will require management of electronically stored communications, payment records, deposition testimony, third-party evidence, product-authentication

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[6] 28 U.S.C. § 1915(e)(1).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted).

[8] (Mot. 2, Doc. No. 33.)

[9] (*Id.*)

evidence, expert or technical issues, dispositive-motion practice, evidentiary objections, and potentially a federal jury trial."[10] And he contends the claims and issues in this case are legally complex.[11]

Appointment of counsel is unjustified. First, Mr. Rock's conclusory allegation that he cannot afford "experienced" counsel is inadequate under § 1915 to establish he cannot afford counsel. But even if Mr. Rock had shown an inability to afford counsel, the relevant factors do not support appointment of counsel in this case. Mr. Rock is correct that intellectual property claims may present complex legal issues. But the claims in this case do not seem unusually complex compared to those routinely litigated by pro se parties. The same can be said for the factual issues: Plaintiffs' claims involve discrete allegations that Mr. Rock used a friend's eBay account to sell counterfeit dietary supplements.[12] And it is not yet apparent whether Mr. Rock has meritorious defenses—he has not filed an answer or asserted any defenses, nor does he identify any defenses in his motion. Finally, based on a review of his filings to date, Mr. Rock seems capable of presenting his defenses. (This includes Mr. Rock's filings in opposition to Plaintiffs' motion to compel him to comply with a subpoena before he was named as a defendant.)[13]

---

[10] (*Id.*)

[11] (*Id.*)

[12] (*See* Am. Compl. ¶¶ 36–49, Doc. No. 30.)

[13] (*See* Doc. Nos. 18 & 20 (opposition and motion to file surreply).)

For these reasons, Mr. Rock has not shown appointment of counsel is justified in this case. Mr. Rock makes an alternative request for a limited appointment of counsel but, for the same reasons, he has not shown a limited appointment is justified.

## CONCLUSION

Mr. Rock's motion for appointment of counsel[14] is denied.

DATED this 25th day of August, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[14] (Doc. No. 33.)